**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Raphael Mendez, | Case No.18-cv-2332 (ECT/HB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Bryan Meek, FMC Rochester, MN, Correctional Officer; Lt. Holbus, FMC Rochester, MN, Correctional Officer; Lt. Sladek, FMC Rochester, MN, Correctional Officer; Ms. Whiplinger, FMC Rochester, MN, Correctional Officer; Ms. G. Balas, Unit Disciplinary Officer; T. Muller, United Disciplinary Officer; and Warden David Paul, et al., | |
| Defendants. | |

Plaintiff Raphael Mendez, a civil detainee at the Federal Medical Center in Rochester, Minnesota ("FMC-Rochester"), purchased a book light from the FMC-Rochester commissary in 2010. The light was designed to work with three AAA-sized batteries, and for many years Mendez operated the light with AAA batteries. In April 2018, though, Mendez purchased C-sized batteries from the FMC-Rochester commissary and adapted his book light to accept the larger batteries. Both the light and batteries were seized by prison officials, along with a magnifying glass made by Mendez from reading glasses and popsicle sticks. Although none of the items were themselves contraband—a vendor at FMC-Rochester, after all, had sold Mendez the items—Mendez was found to have run afoul of facility regulations by altering the items [*see* Doc. No. 1-1 at 8 (incident

1

report)], which were taken away from him. Mendez alleges that the removal of the items violated his due process rights, and he requests their return in this litigation.[1]

Mendez did not pay the filing fee in this litigation, but instead applied for *in forma pauperis* ("IFP") status. [Doc. No. 2.] After review of that IFP application, this Court concludes that Mendez qualifies financially for IFP status. Nevertheless, an IFP application will be denied, and an action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *Carter v. Schafer*, 273 F. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service."). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right

---

[1] Mendez also suggests, unrelated to the other allegations in his complaint, that his ongoing detention is per se unlawful. (Compl. ¶¶ 25, 27 [Doc. No. 1].) This half-pleaded claim is squarely foreclosed by the doctrine set forward in *Heck v. Humphrey*, 512 U.S. 477 (1994). Although Mendez is not being held pursuant to a criminal judgment, "the principles set forth in *Heck* are fully applicable to . . . detainees who are confined by reason of a civil commitment, rather than a prison sentence." *McHorse v. Minnesota*, No. 13-cv-0837, 2013 WL 2383603, at *2 (D. Minn. May 30, 2013) (citing, *inter alia*, *Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1139-40 (9th Cir. 2005); *Banda v. New Jersey Special Treatment Unit Annex*, 164 F. App'x 286, 287 (3d Cir. 2006) (per curiam); *Coffman v. Blake*, 156 F. Appx. 863 (8th Cir. 2005) (per curiam)).

to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Mendez unquestionably had a property interest in his items seized by FMC-Rochester officials, which means that he was entitled to due process in conjunction with that seizure. *See, e.g.*, *Bell v. Wolfish*, 441 U.S. 520, 545 (1979). "[T]he next question is what process is due." *Williams v. Norris*, 277 F. App'x 648, 649 (8th Cir. 2008) (per curiam). "[A]n unauthorized deprivation of property by a government official, whether negligent or intentional, is not a due process violation so long as there is some other meaningful post-deprivation remedy available." *Butler v. United States*, No. 09-cv-0147 (PAM/AJB), 2009 WL 3028902, at *2 (D. Minn. Sept. 17, 2009) (citing *Hudson v. Palmer*, 468 U.S. 517, 533 (1984)). As Mendez surely knows from similar litigation he has brought previously in this District, "he could seek relief for his current property deprivation claims under the [Federal Bureau of Prison's] administrative remedy procedures, which are set forth at 28 C.F.R. §§ 542.10-19." *Mendez v. FMC-Rochester*, No. 07-cv-2609 (JMR/RLE), 2007 WL 2320547, at *3 (D. Minn. Aug. 10, 2007). Because Mendez is afforded a post-deprivation remedy via regulation, he has "received all of the due process to which he is entitled." *Deleston v. United States*, No. 14-cv-0558

3

(RHK/SER), 2014 WL 1272551, at *1 (D. Minn. Mar. 27, 2014).  Mendez therefore cannot proceed on his constitutional due-process claim; the alternative regulatory remedy constitutes adequate procedural safeguards.

This Court is not without sympathy for Mendez's gripe, which appears to be based less on the process by which the items were taken away or the available procedures for challenging the seizure than the fact that the items are regarded as contraband at all under facility regulations.  All of the items seized from Mendez had been approved by FMC-Rochester prior to their innocuous alterations.  Indeed, according to Mendez, he had previously been allowed possession of the altered light, with FMC-Rochester officials returning the item to him after a prior seizure.  (Compl. ¶ 20.)  And it is hard to imagine that the device posed a danger or nuisance to anyone at the facility.[2]  But lack of discretion by FMC-Rochester officials in applying facility regulations does not equal a constitutional violation.  Mendez has available to him alternative forms of relief to contest the seizure, and this is all the process to which he is due.

It is therefore recommended that this matter be dismissed.  Because any amendment of Mendez's claim would be futile, it is further recommended that the dismissal be entered with prejudice.

---

[2] Still harder to believe is that the other item seized from Mendez—a reading lens attached to popsicle sticks as an impromptu magnifying glass (*see* Compl. ¶ 20)—presented a harm to anyone.  But again, the question before the Court is not whether the seizure was wise, but whether the deprivation amounted to a violation of Mendez's due-process rights.

Based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

1. This matter be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2. Plaintiff Rafael Mendez's application to proceed *in forma pauperis* [Doc. No. 2] be **DENIED**.

Dated: September 27, 2018

s/ *Hildy Bowbeer*
Hildy Bowbeer
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).