UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Raphael Mendez,

File No. 18-cv-02332 (ECT/HB)

Plaintiff,

v.

Bryan Meek, Correctional Officer; Lt. Holbus, Correctional Officer; Lt. Sladek Correctional Officer; Ms. Whiplinger, Correctional Officer; Ms. G. Balas, Disciplinary Officer; T. Muller, Disciplinary Officer; and Warden David Paul, et al.,

**ORDER ACCEPTING REPORT AND RECOMMENDATION**

Defendants.

This matter is before the Court on objections ("Objs.") [ECF No. 5] made by plaintiff Raphael Mendez ("Mendez") to the September 27, 2018 Report and Recommendation ("R&R") [ECF No. 4] issued by Magistrate Judge Hildy Bowbeer. The Court has conducted a de novo review of the record pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b)(3) and accepts the R&R.

The factual background of this case is clearly set forth in the R&R. R&R at 1–2. Briefly, Mendez adapted a book light to accept larger batteries and made a magnifying glass from reading glasses and popsicle sticks. R&R at 1; Compl. [ECF No. 1] ¶¶ 3, 20. The light, batteries, glasses, and popsicle sticks were all originally purchased from a vendor at FMC-Rochester, but they were nonetheless seized by correctional officers pursuant to facility regulations banning alteration of items. R&R at 1–2; Compl. ¶ 20; Exs. [ECF

No. 1-1] at 8. Mendez asserts a due-process claim challenging the confiscation of those items. R&R at 2; *see* Compl. ¶¶ 6–9, 26. In two of the final three paragraphs of his complaint, Mendez fleetingly suggests that he is being falsely imprisoned. Compl. ¶¶ 25, 27. In the R&R, Magistrate Judge Bowbeer concluded that although Mendez had a property interest in the seized items, he had access to an adequate administrative remedy such that the seizure did not constitute a due-process violation. R&R at 3–4. She further concluded that *Heck v. Humphrey*, 512 U.S. 477 (1994), and its progeny foreclosed Mendez's false-imprisonment claim. R&R at 2 n.1. Mendez objects to these recommendations. Objs. ¶¶ 1–3, 12, 15–16.

In his complaint and again in his objections, Mendez focuses on the fact that the items do not fall within a definition of contraband according to 28 C.F.R. § 553.12 and therefore should not have been seized at all. *See* Compl. ¶ 26; Objs. ¶ 3. But Mendez does not address the fact that the items seem to have been seized due to their altered nature as the incident report describes. Exs. at 8. Upon de novo review, the Court agrees with Magistrate Judge Bowbeer's analysis and recommendation. Mendez had a property interest in his purchased items and was therefore entitled to due process when correctional officers seized them. "[U]nder *Hudson* [*v. Palmer*, 468 U.S. 517, 533 (1984)], 'deprivation of property by a government employee does not violate due process so long as an adequate post-deprivation system is in place.'" *Deleston v. United States*, No. 14-cv-558 (RHK/SER), 2014 WL 1272551, at *1 (D. Minn. Mar. 27, 2014) (quoting *Bowens v. U.S. Dep't of Justice*, 415 F. App'x 340, 344 (3d Cir. 2011)). FMC-Rochester provides such a post-deprivation remedy in the form of administrative procedures through which Mendez

may challenge the seizure. *See* 28 C.F.R. § 542.10–.19. Thus, Mendez has been afforded adequate due process and his claim must fail.

Next, Mendez objects to the conclusion that his false-imprisonment claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), arguing that his imprisonment is unlawful and his claim cannot be foreclosed by any doctrine. Objs. ¶¶ 15–16, 20. As Magistrate Judge Bowbeer noted in the R&R, this is a half-pleaded claim, R&R at 2 n.1, and falls short of the pleading requirements in Rule 8(a) of the Federal Rules of Civil Procedure. Nevertheless, the Court reviews this objection de novo. In *Heck*, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional . . . imprisonment, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim . . . bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

512 U.S. at 486–87 (footnote omitted). Here, Mendez brings a constitutional claim pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), a civil action against officials of the federal government, as opposed to a 42 U.S.C. § 1983 claim, a basis for a claim of deprivation of rights by a state official. *See* Compl. at 1. The rationale of *Heck* equally applies to § 1983 and *Bivens* claims alike. *Williams v. Hill*, 74 F.3d 1339, 1340–41 (D.C. Cir. 1996) (per curiam); *see Whitmore v. Harrington*, 204 F.3d 784, 785 (8th Cir. 2000) (per curiam). In other words, if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," then the claim is foreclosed "unless the plaintiff can demonstrate that the

3

conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487. In a related case, the Supreme Court explained that "a § 1983 [or *Bivens*] action will not lie when a [plaintiff] challenges 'the fact or duration of his confinement,' . . . and seeks either 'immediate release from prison,' or the 'shortening' of his term of confinement." *Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 482, 489 (1973)).

Mendez seeks relief from his "ongoing detention [because it] is per se unlawful." Objs. ¶ 12. Even though his detention is not pursuant to a sentence for a criminal conviction because he is instead confined by reason of civil commitment, *see* Objs. ¶ 11, the *Heck* doctrine also fully applies to civilly committed persons, *Karsjens v. Piper*, 845 F.3d 394, 406 (8th Cir. 2017) (citing *Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1140 (9th Cir. 2005)). Mendez alleges that his detention is unlawful and seeks intervention from the Court.[1] Objs. ¶ 12; Compl. ¶¶ 25, 27. Given the nature of Mendez's claim, the effect of the sought-after court intervention presumably would either shorten the duration of Mendez's confinement or result in his immediate release altogether. As the Supreme Court explained, this is an improper use of a § 1983 claim, *see Wilkinson*, 544 U.S. at 79, as well as its federal counterpart, a *Bivens* claim. A court judgment affecting the "fact or duration"

---

[1] Mendez indicates that he wants the Court to "intervene" in the alleged false imprisonment to which he is subject. Compl. ¶ 27. Because it is unclear exactly what type of relief Mendez is seeking, the Court notes that the Supreme Court later decided that *Heck* bars an action "(absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the [plaintiff]'s suit . . . *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005). Thus, *Heck* also bars whatever relief Mendez seeks with his request that the Court "intervene" in his imprisonment.

of Mendez's confinement would "necessarily imply the invalidity" of his civil commitment. *Heck*, 512 U.S. at 487. Such a claim can only be brought under *Bivens* after the conviction or sentence, *id.* at 486–87, or in this case, the initial commitment, *Karsjens*, 845 F.3d at 406, or particular facts leading to the allegedly improper detention, *Huftile*, 410 F.3d at 1140, have been invalidated. Mendez does not suggest anywhere in the record that the basis for his commitment has been invalidated. Thus, *Heck* bars his *Bivens* claim.

## ORDER

Based upon all of the files, records, and proceedings in the above-captioned matter,

**IT IS HEREBY ORDERED THAT:**

1. The Objections to the Report and Recommendation are **OVERRULED** [ECF No. 5];

2. The Report & Recommendation [ECF No. 4] is **ACCEPTED** in full;

3. The Complaint [ECF No. 1] is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and

4. The Application to Proceed *In Forma Pauperis* [ECF No. 2] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: November 30, 2018            s/ Eric C. Tostrud
                                    Eric C. Tostrud
                                    United States District Court